

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 13, 2017

**BY ECF**

Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Gary Tanner and Andrew Davenport,**
              **S1 17 Cr. 61 (LAP)**

Dear Judge Preska:

      The Government respectfully writes in response to the defendants' request for an adjournment of the trial in this case, which is presently scheduled to begin in less than eight weeks. For the reasons set forth below, the defendants' application should be denied and trial should proceed as scheduled on November 6, 2017.

Background

      The trial date in this case was scheduled months ago the defendants' request, shortly after the parties' first appearance before Your Honor. The defendants were arrested in mid-November 2016 on a criminal complaint filed earlier that month (the "Complaint"). (Docket No. 1.) After a 30-day continuance meant to permit the defense to discuss the case with the Government, the defendants were indicted on January 26, 2017. (Docket Nos. 16-18.) The parties first appeared before Your Honor on February 23, 2017. (*See* Feb. 23, 2017 Transcript, Docket No. 28.) At that conference, defense counsel noted that while it "may be a little unorthodox on a first appearance," they "could all be prepared for trial, assuming things go forward as expected, and ready to go right after Columbus Day." (Feb. 23, 2017 Tr. at 4:6-4:20.) The Government asked that any trial date "be a firm date that we keep so that we are not [preparing] for a trial and then adjourning the date as we get close." (Feb. 23, 2017 Tr. at 4:25-5:5.) The Court subsequently asked the parties to confer on an agreeable trial date, and, on February 27, 2017, the Government submitted a letter to the Court reflecting the parties' joint request that trial be scheduled for October 10 or October 17, 2017. ((Feb. 23, 2017 Tr. at 5:6-5:12; Docket Nos. 23, 24). That letter was endorsed with an October 10 trial date the same day. (Docket Nos. 23, 24.)

      On August 10, 2017, the parties' trial date was moved to November 6, 2017. At a conference that same date, the Court heard argument on the defendants' pretrial motions, including a motion for a bill of particulars and a motion to dismiss the indictment. On August 30, 2017, the

Government sought, and a grand jury returned, the above-captioned superseding indictment (Docket No. 68) (the "Superseding Indictment"), which narrowed the focus of the Government's case. On that same date, the Government also provided a letter to defense counsel describing the allegations in the Superseding Indictment in additional detail. Nothing in the Superseding Indictment changed the nature of the Government's case or required additional discovery; rather, drawing largely from the Complaint, it focused the allegations on four categories of actions that defendant Gary Tanner took, at least in part, because of the kickback he received from defendant Andrew Davenport as part of their scheme to deprive Valeant of its right to Tanner's honest services. The accompanying letter drew those categories into sharper focus by giving specific examples with citations to the Complaint and to documents produced in discovery.

Discussion

The defendants' request for an adjournment is unwarranted and should be denied. To begin, there is simply no need for an adjournment. The defendants are each represented by teams of highly capable attorneys from prominent, international law firms. Each team has made clear that they have been aggressively preparing for trial since their clients were charged, and each team was aware of the Government's investigation well beforehand, having received and responded to process. The trial date, moreover, was set at the defendants' request during the parties' first conference in February 2017, which was around seven months ago—and that date has already been adjourned a month, providing additional time to prepare beyond what the defendants thought necessary when they initially scheduled the trial date. And there are still nearly two months before trial is scheduled to commence during which the defendants can continue to prepare. In short, there is plainly enough time for defense counsel to prepare fully for trial in this case.

The defendants nonetheless claim that an adjournment is warranted for two primary reasons. First, they claim that the Government filed a Superseding Indictment that "added new allegations and revised existing allegations"; and, Second, they claim that the defense "has not yet received all the voluminous discovery in this case . . . or other materials it expects to receive pursuant to other judicial process." (Docket No. 68.) Neither of these claims has merit.

First, the Superseding Indictment plainly does not "add[] new allegations." It does the opposite: it narrows the focus of the Government's case to four categories of actions that Tanner took in exchange for a kickback. Those actions, moreover, are all referenced, and, in some cases, described in great detail in the Complaint. Having asked the Government to narrow its case and to provide additional specificity, the defendants cannot now claim that an adjournment is required because the Government did what was requested. Nor is there any conceivable reason why the Superseding Indictment would create additional work or challenges for the defendants. Defense counsel should have already reviewed the discovery with the allegations in the Superseding Indictment in mind, since those allegations were included in various forms in the Complaint. Thus, the defendants will not need to re-review discovery materials, and, indeed, do not even assert such a claim in their letter to the Court. *Cf.* Dec. 23, 2016 Order, *United States* v. *David Schwartz*, 15 Cr. 835 (JGK) (Docket No. 59) (denying adjournment after Superseding Indictment in part because "there is no credible showing of what that additional review would entail or why any more time is needed to prepare for the trial of the additional charges").

Second, the defendants' claim that they have not received all of the discovery in this case is misleading and wrong. The Government has produced all of the Rule 16 discovery in its possession at this time. As discussed during the parties' last conference, the Government expects that it may receive additional discovery materials relating to a separate but ongoing investigation in the near future, but it does not expect those documents to be relevant to this case (to the contrary, they relate to subjects that are entirely irrelevant to the charges here) and is producing them only out of an abundance of caution. Further, the Government expect that there are only approximately 7,000 to 8,000 such documents remaining, which is not unduly voluminous.[1]

The Government does expect to receive additional productions from Philidor in response to subpoenas that were issued over a year and half ago. But those documents are being produced by counsel for one of the defendants and accordingly cannot provide the basis for an adjournment; the defendants obviously should not be entitled to dictate the trial date by delaying their response to process issued on entities that their attorneys also represent.

To the extent the defense seeks this adjournment to conduct its own investigation, moreover, such efforts do not warrant the requested adjournment. Defense counsel informed the Government months ago that it intended to seek certain subpoenas from the Court pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Separately, defense counsel has been actively meeting with witnesses. The defendants' investigative efforts have already progressed and can continue to do so in the coming two months while keeping a November 2017 trial date.

In light of these considerations, the defendants' claim that they cannot "be fully prepared to present an effective defense at trial by November 6, 2017" is simply not true. And, on the other side of the equation, the requested adjournment would be unduly lengthy, and thus contrary to the public's interest in the speedy resolution of criminal cases, and disruptive to the prosecution team. The Government has been meeting with witnesses and preparing for trial in reliance on the date requested by the defendants and set by the Court. The Government has also asked witnesses to arrange their schedules to enable their appearance at a November trial. Much of this work will be wasted to the extent the trial is delayed until early or mid-2018, as the defense requests. Further, the prosecutors in this case have arranged their schedules around this trial and now have conflicts in much of early 2018.[2] Two of the prosecutors have trials in late January or early February of 2018, one of the prosecutors has a trial scheduled in April of 2018, and another has a trial scheduled in May of 2018. Thus, even a five-month adjournment to April of 2018 would risk the loss of continuity in the prosecution team on this trial or others. (And this would not be the first time this has occurred, as one of the prosecutors who charged this case was reassigned to enable the defendants' initial preference for an October 2017 trial).

---

[1] The Government may acquire additional materials subject to discovery as it continues to prepare for trial, as occurs in nearly every case. The Government will of course produce such materials as it receives them.

[2] Prior to submitting its letter, defense counsel was made aware of the Government's trial conflicts in January and February, rendering disingenuous the request for a trial during those months.

     Defense counsel chose the trial date in this case knowing full well the nature of the case and the volume of the discovery. That date was chosen over six months, and it is still two months away. There is no valid reason to move it.

                         Respectfully submitted,

                         JOON H. KIM
                         Acting United States Attorney

by: _____/s/_____
     Robert Allen/Richard Cooper/Amanda Kramer
     Assistant United States Attorneys
     (212) 637-2216/1037/2478

cc: Counsel of Record (by ECF)