**WILMERHALE**

Howard M. Shapiro

+1 202 663 6606 (t)
+1 202 663 6363 (f)
howard.shapiro@wilmerhale.com

November 6, 2017

**VIA ECF**

The Honorable Loretta A. Preska
United States District Judge
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Tanner*, *et al.*, No. 17-cr-61 (LAP)

Dear Judge Preska:

  We write, on behalf of defendants Gary Tanner and Andrew Davenport, to ask the Court to find the superseding indictment void for vagueness for the same reasons we relied upon in our motion to dismiss the original indictment. Indeed, the fundamental problem that we identified in our motion to dismiss the original indictment has not been cured by the superseding indictment: the defendants did not have notice that their conduct was criminal because Mr. Tanner has been charged for performing the work that Valeant directed him to do. *See United States v. Brown*, 459 F.3d 509 (5th Cir. 2006).

I. **The Superseding Indictment Should be Voided for Vagueness**

  A. <u>The Defendants Lacked Notice that Their Conduct Implicated the Honest Services Fraud Statute</u>

  A charge of honest services fraud requires that a defendant act in some way contrary to his employer's interests. *See United States v. Rybicki*, 354 F.3d 124, 142 (2d Cir. 2003) (*en banc*) (requiring that a defendant pursue his own interests "instead of" his employer's). Here, the two entities at the center of this case — Valeant and Philidor — had interests that were inextricably intertwined during the time of the alleged conspiracy, and Mr. Tanner was tasked by his employer — Valeant — to pursue the interests of both companies. As Your Honor recognized during the August 10, 2017 argument, Valeant "can't be denied honest services if it was all for the employer's best interest." Tr. 5:17-18.

WILMERHALE

November 6, 2017
Page 2

Where, as here, an employee performs the job he was tasked to do without acting against his employer's interests, even if he receives a payment from a third party for that work, he has not committed honest services fraud. Put in due process terms, the honest services fraud statute is void for vagueness as applied to the defendants because Mr. Tanner did not have constitutional notice that he was committing a crime when he followed Valeant's direction to support, supervise, and grow Philidor. Complaint ¶ 15(e).

The vagueness problem is particularly acute in the context of a private-sector honest services fraud case like this one because the statute itself does not define the type of conduct that can constitute a deprivation of honest services. Rather, the law in this area is judge-made, and it is particularly sparse in the private-sector context. To the extent there is guidance, it is mixed. There is no precedent that makes clear that a private sector employee's conduct could violate the statute if it was done at an employer's direction and to promote that employer's interests. Moreover, the recent string of reversed convictions in the far-more-developed public-sector context, in *McDonnell*, *Silver*, and *Skelos*, demonstrates the challenges of interpreting this statute and the risks attendant to applying the statute broadly to capture conduct that was not clearly criminal under the pre-existing legal framework. These recent decisions counsel in favor of a careful analysis and conservative approach in determining whether the defendants had constitutional notice that their conduct was potentially criminal.

B. The Superseding Indictment Does Not Cure the Original Indictment's Deficiencies

The superseding indictment focuses on four ways in which Mr. Tanner allegedly acted contrary to Valeant's interests. However, each of these allegations suffers from the same vagueness defect that plagued the original indictment. As Your Honor stated at the oral argument, the fundamental issue with the government's case against Mr. Tanner is that it rests on "a matter of degree." Tr. at 15:5. Mr. Tanner was tasked to build and develop Philidor, and, as part of his task, he was expected to promote Philidor and Mr. Davenport within Valeant so that the two companies could develop and strengthen their relationship dedicated to selling Valeant-branded pharmaceuticals.

The government concedes that not all of Mr. Tanner's work in support of Philidor deprived Valeant of his honest services. Rather, the government seeks to pick apart the work that Mr. Tanner did for Philidor in an attempt to find points of conflict between the two companies from which to extrapolate a criminal conspiracy. As discussed in more detail below with respect to each allegation, the superseding indictment suffers from the same deficiency as the original indictment because it continues to ignore Mr. Tanner's unique role at Valeant and his responsibilities to promote Philidor and develop the relationship between the two companies.

First, the government no longer alleges, as it did in the original indictment, that Mr. Tanner persuaded Valeant to acquire Philidor. Superseding Indictment ¶ 9(d). Indeed, the

WilmerHale

November 6, 2017
Page 3

government does not appear to contest that Valeant's leaders drove the decision to enter into the purchase option agreement, nor does it seem to dispute that Valeant controlled the terms of the agreement.  The government also does not allege that Mr. Tanner exercised any influence within Valeant with respect to Valeant's negotiating position for the purchase option agreement.  Finally, the government does not allege that Mr. Tanner communicated with Mr. Davenport without authorization from Valeant.  *See* Tr. at 18:9 (noting that giving information to Mr. Davenport could be contrary to Valeant's interest "if not authorized").  Taken together, all these points that are *not* in the government's superseding indictment reveal the government's difficulty in identifying a way in which Mr. Tanner acted materially against Valeant's interests.

Instead, all that the government alleges now is that Mr. Tanner "secretly provided assistance" to Mr. Davenport in the negotiation of the terms of the purchase option agreement, an allegation that was absent from the original indictment.  Superseding Indictment ¶ 9(a).  But, as Your Honor noted during oral argument, the government has not even alleged whether the terms of the purchase option agreement or even the substance of the communications between Mr. Tanner and Mr. Davenport were "reasonable or unreasonable." Tr. at 15:8.  If Valeant controlled the terms of the purchase option agreement and Mr. Tanner exerted no influence on Valeant's negotiation strategy, as the government concedes, Mr. Tanner's communications with Mr. Davenport could not have had any material effect on Valeant and Mr. Tanner cannot have acted against Valeant's interests in a manner that constitutes honest services fraud.

Second, the superseding indictment includes the same vague allegation as the original did: that Mr. Tanner resisted efforts to enter into relationships with other specialty pharmacies.  Superseding Indictment ¶ 9(b).  Like the original indictment, the superseding indictment does not state how Mr. Tanner allegedly resisted these efforts, nor whether he did so against Valeant's interests.  Although the superseding indictment states that additional relationships with pharmacies would have "reduce[d] risks to Valeant" arising out of its reliance on Philidor, it makes no claim as to whether there were any viable alternatives to Philidor that could offer the same level of quality and service as Philidor.  *Id.*  The act of a junior employee resisting an approach suggested by his superior is not *inherently* against the employer's interests.  (And in many cases, it can be beneficial.)  In any event, the allegation is insufficient to allege that Mr. Tanner committed honest services fraud because it does not distinguish acts that may be part of an illegal *quid pro quo* to defraud Valeant from acts arising out of Mr. Tanner's best judgment about the specialty pharmacy options most appropriate for Valeant.

Third, the superseding indictment includes again the allegation from the original indictment that Mr. Tanner defrauded Valeant by seeking favorable payment terms for Philidor.  Superseding Indictment ¶ 9(c).  Although the superseding indictment now adds boilerplate language that Mr. Tanner did so "even when such terms were against Valeant's interests," it still does not address the problem raised in our prior motions and at the oral argument with respect to the allegation.  *Id.*  As Your Honor noted at oral argument, "[i]f [supporting and growing Philidor is] what he's told to do and that's part of his job, how then can securing favorable

WILMERHALE

November 6, 2017
Page 4

payment terms not be consistent with his job?" Tr. at 17:1-3. Indeed, as part of his work to develop Valeant's relationship with Philidor, Mr. Tanner was expected to promote Philidor's interests and this included negotiating payment terms that would permit Philidor to thrive, thereby benefitting Valeant.

Fourth, the superseding indictment includes a new allegation that Mr. Tanner secured favorable credit extensions on behalf of Philidor for Valeant products. Superseding Indictment ¶ 9(d). This allegation suffers from the same defect as the favorable payment terms allegations discussed above, and it is emblematic of the government's inability to identify specific acts that were allegedly against Valeant's interests. Without explanation, the government attempts to connect the credit extensions to "Valeant's diversification risk," while omitting the relevant fact that the specific purpose of the credit extensions was to enable Philidor to sell as much of Valeant's product as possible. *Id.* Selling more Valeant product faster is indisputably in Valeant's interest, and Mr. Tanner's job was to make that possible. The government does not allege otherwise, and the allegation is thus insufficient to show an act against Valeant's interests.

C.  Conclusion

For the reasons stated above, as well as those articulated at the oral argument and in our previous briefing, the defendants move to dismiss the superseding indictment on vagueness grounds as applied to the defendants. With respect to the bill of particulars and *Brady* motions, the defense is engaged in continuing conversations with the government and will promptly review any additional information provided. We understand that the government has conducted a *Brady* review, and the defendants reserve their rights to seek relief from the Court after reviewing any disclosures provided by the government. In light of the adjournment of the trial date, the defendants expect that the *Brady* motion and the requests for early pre-trial disclosures can be addressed closer to the trial date.

Although we do not seek further briefing or oral argument on this renewed motion to dismiss, we are available at the Court's convenience to discuss this request further or answer any questions the Court may have.

Respectfully submitted,

/s/ Howard M. Shapiro

Howard M. Shapiro
Brendan R. McGuire
Matthew R. Galeotti

cc: All Counsel (via e-mail)